IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID LEE OLIVER, #1256508,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0703-P |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Petitioner pled guilty to delivery of a controlled substance in the 265th Judicial District Court of Dallas County, Texas, in Cause No. F03-00337-R. (Pet. at 2). Punishment was assessed at eight years imprisonment. (*Id.*). The Fifth District Court of Appeals affirmed Petitioner's conviction. *State v. Oliver*, No. 05-03-00583-CR (Tex. App. -- Dallas Mar.

29, 2004, no pet).[1]  Although Petitioner was granted an extension until June 28, 2004, to file his petition for discretionary review (PDR), he failed to file the same.  *See* April 19, 2004 Order of the Texas Court of Criminal Appeals in No. PD-0595-04, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=225428 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals, May 21, 2006).[2]

On April 22, 2005, Petitioner filed an application for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure.  *See* No. W03-00337 (enclosed as Attachment I).  The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on September 28, 2005.  *Ex parte Oliver*, No. WR-7,508-08, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=236180 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals, May 21, 2006).

On July 12, 2005, during the pendency of his art. 11.07 application, Petitioner submitted a petition for writ of mandamus.  *Ex parte Oliver*, No. WR-7,508-09, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=236382 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals, May 21, 2006).  On September 28, 2005, the Court of Criminal Appeals denied Petitioner leave to file his petition for writ of mandamus.  *Id.*

Thereafter, on April 19, 2006, Petitioner filed the instant federal petition for writ of

---

[1]   The docket sheet of Petitioner's direct appeal is available at http://www.courtstuff.com/FILES/05/03/05030583.HTM.

[2]   The April 19, 2004 Order cannot be viewed from the Court of Criminal Appeals's website.  Nevertheless, the Clerk of the Texas Court of Criminal Appeals informed this Court telephonically that the April 19, 2004 Order granted Petitioner until June 28, 2004 to file a PDR, that no further extensions would be entertained, and that a copy of the order was mailed to Petitioner at the Dallas County Jail.

habeas corpus. (Pet. at 1). In four grounds of error, he asserts the indictment was defective, the evidence was insufficient, counsel rendered ineffective assistance, and court officials engaged in judicial misconduct.[3]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The District Court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[4]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts

---

[3] For purposes of this recommendation, the petition is deemed filed on April 13, 2006, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[4] On June 6, 2006, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitation period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the court's show cause order on June 22, 2006.

supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on June 28, 2004, the last day on which Petitioner could have filed a PDR with the Texas Court of Criminal Appeals according to the order of extension filed April 19, 2004.  Therefore, the one-year period began to run on June 29, 2004, the day after Petitioner's conviction became final.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).  As of April 22, 2004, the date on which Petitioner filed his art. 11.07 application (*see* Attachment I), 297 days of the one-year limitation period had elapsed.  The state application remained pending until its denial on September 28, 2005, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2).  *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).  The one-year period resumed running on September 29, 2005, and expired 68 days later on December 6, 2005, – 128 days before Petitioner can be deemed to have filed the federal petition in this case.  Therefore, the federal petition is time barred unless the one-year statute of limitations is tolled on

equitable grounds.[5]

In response to the Court's order to show cause, Petitioner alleges that the federal petition is timely because it was submitted within one year of the September 28, 2005 denial of his state application. (Pet's Response at 1, filed June 22, 2006). His contention that the one-year period did not commence until the conclusion of state post-conviction review is wholly baseless. *See Harris v. Hutchinson*, 209 F.3d 325, 327-328 (4th Cir. 2000); *McCoy v. Cockrell*, 2002 WL 1575692, *2-3, 3:02cv798-G (N.D. Tex., Dallas Div., July 15, 2002) (adopting recommendation of magistrate Judge). The AEDPA provides that the one-year period, within which to file a federal habeas petition, commences upon conclusion of *direct review* of a judgment of conviction. 28 U.S.C. § 2244(d)(1)(A). The running of the one-year period is suspended while state post-conviction proceedings are *pending* in any state court. 28 U.S.C. § 2244(d)(2). The Fifth Circuit, as well as every other circuit that has construed § 2244(d), has interpreted it in this way. *See Fields,* 159 F.3d at 916.

Insofar as Petitioner relies on equitable tolling, his claim fares no better. Equitable tolling is available only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[N]either a plaintiff's unfamiliarity with the legal process nor his

---

[5] The pendency of the motion for leave to file petition for writ of mandamus, *see Ex parte Oliver*, No. WR-7,508-09, does not provide any additional statutory tolling. The Fifth Circuit has long held that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).
Moreover, insofar as Petitioner urges the Court to find his state application filed as of the date he placed it in the prison's mail system, on or about April 4, 2005, the federal petition would nevertheless be time barred and equitable tolling would not apply as set out more fully below. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (declining "to extend the mailbox rule to the determination of filing dates for state habeas applications . . . ." and noting that the proper inquiry is "whether the prisoner is entitled to equitable tolling").

lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000).

Petitioner delayed the filing of his art. 11.07 application by 297 days after his conviction became final. Following the denial of his state application, Petitioner delayed an additional 197 days before submitting this federal petition for filing. Petitioner provides no explanation for either of the above delays, which appear to be of Petitioner's own making. Such unexplained delays do not make the circumstances of this case extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition rendered the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards." *Basalo*, 2003 WL 21653864, *4. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

6

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS with prejudice the petition for writ of habeas corpus as barred by the one-year limitation period. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 29th day of September, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.